


Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Eastern Division

RECEIVED
FEB 28 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Frank L. Simmons | Case No. 1:17-cv-01230 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)*   X Yes   ☐ No |
| -v- | |
| Illinois Bell Telephone Company a/k/a, AT&T<br>Randall L. Stephenson<br>Ann Barton<br>Randy Renschen<br>Mara Wasar<br>Bobbi Mueller<br>Michele M. Pitman | 17CV1230<br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Mason |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Frank L. Simmons |
| Address | 2520 W. Haddon Street |
| | Chicago, IL, 60622 |
| | City / State / Zip Code |
| County | Cook |
| Telephone Number | 312 919-9320 |
| E-Mail Address | frank.3332@hotmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Illinois Bell Telephone Company a/k/a AT&T |
| Job or Title *(if known)* | Corporation |
| Address | 311 S. Akard St.; Room 752 |
| | Dallas, TX, 75202 |
| | City / State / Zip Code |

| | |
|---|---|
| County | Dallas |
| Telephone Number | 214 757-5602 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     X Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Randall L. Stephenson |
| Job or Title *(if known)* | Chief Executive Officer AT&T Inc. |
| Address | 311 S. Akard St.; Room 752 |
| | Dallas / TX / 75202 |
| | City / State / Zip Code |
| County | Dallas |
| Telephone Number | 214 757-5648 |
| E-Mail Address *(if known)* | |

X Individual capacity     X Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Ann Barton |
| Job or Title *(if known)* | AT&T Court Order Unit Representative |
| Address | 909 Chestnut |
| | St. Louis / MO / 63101 |
| | City / State / Zip Code |
| County | St. Louis |
| Telephone Number | 888 722-1787 |
| E-Mail Address *(if known)* | |

X Individual capacity     X Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Randy Renschen |
| Job or Title *(if known)* | AT&T Area Manager – Design Engineering |
| Address | 225 W. Randolph Street; 11B |
| | Chicago / IL / 60602 |
| | City / State / Zip Code |
| County | Cook |
| Telephone Number | 312 977-6215 |
| E-Mail Address *(if known)* | rr1676@att.com |

X Individual capacity     X Official capacity

Defendant No. 5

Name: Mara Wasar

Job or Title *(if known)*: AT&T Asset Protection Senior Investigator

Address: 225 W. Randolph Street

City: Chicago  State: IL  Zip Code: 60602

County: Cook

Telephone Number: 312 727-9411

E-Mail Address *(if known)*:

X  Individual capacity    X  Official capacity

Defendant No. 6

Name: Bobbi Mueller

Job or Title *(if known)*: Director – AT&T Design Engineering Midwest

Address: 225 W. Randolph Street

City: Chicago  State: IL  Zip Code: 60602

County: Cook

Telephone Number: 312 727-9411

E-Mail Address *(if known)*: bm2363@att.com

X  Individual capacity    X  Official capacity

Defendant No. 7

Name: Michele M. Pitman

Job or Title *(if known)*: Associate Judge - Illinois Cook County Circuit Courts Markham

Address: 16501 S. Kedzie Parkway

City: Markham  State: IL  Zip Code: 60428

County: Cook

Telephone Number: 708 822-3592

E-Mail Address *(if known)*: Michpitman@sbcglobal.net

X  Individual capacity    X  Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

- A. Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    X State or local officials (a § 1983 claim)

- B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    9-43.000 - Mail Fraud And Wire Fraud; Employee Retirement Income Security Act of 1974 (ERISA); Criminal Conspiracy; Defamation of Character Libel & Slander ;Title 18, U.S.C., Section 245 - Federally Protected Activities ;Title 18, U.S.C., Section 241 - Conspiracy Against Rights; Title 42, U.S.C., Section 3631 - Criminal Interference with Right to Fair Housing; Title 42, U.S.C., Section 14141 - Pattern and Practice

- C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

    NA

- D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    1) Plaintiff's abusive former wife, Illinois Cook County Circuit Court Associate Judge, Michele Pitman, used the power of her office to defraud the Plaintiff of his pension, salary, and Intellectual Property with fictitious Court Orders (COs) and Illinois Wage Deduction Orders (IWOs) with co-conspirators: Ann Barton of AT&T's Court Order Unit; Randall L. Stephenson; Randy Renschen; Mara Wasar; and Bobbi Mueller.

    2) Randy Renschen and Mara Wasar, in an effort to inflict further financial hardship and Defamation of Character, in three separate instances, falsely told the Illinois Department of Employment Security that I was fired for unauthorized use of a company credit card and failure to return to work **(see: Exhibit C.5)**. Thus, denying the Plaintiff unemployment benefits and making him a ward of the State **(see: Exhibit C.6)**.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Page 6 of 14

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

AT&T Midwest Headquarters, 225 W. Randolph Street, Chicago, IL. 60602

B. What date and approximate time did the events giving rise to your claim(s) occur?

June 2016

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. On August 30th, and September 9th, 2016 the Plaintiff formally filed complaints of discrimination with the EEOC and Illinois Department of Human Rights (IDHR) respectively, Case# 17W0907.09 / Charge# 2017CF0470 based upon race **(see: ¶ 4)**. IDHR and AT&T Asset Protection records note that the Plaintiff had not been paid properly by AT&T since May 2016 for an estimated total of over $30,000.00+ dollars owed the Plaintiff by employer, AT&T **(see Exhibits A & C.1 respectively)**. In Addition, IDHR and DOL **(Exhibit B)** records note that the Plaintiff was employed by AT&T up until he formally notified AT&T Executives of his IDHR and DOL filings on 9/22/16 **(Exhibit D)** and was fired as a result on 9/28/16, prior to the IDHR Mediation Hearing **(Exhibit C.2)**. IDHR considered this an act of "Wrongful Termination"; which, prompted IDHR to immediately file a formal complaint of "Retaliation" against AT&T on behalf of the Plaintiff on 10/7/2017 **(Exhibit A.1)**. AT&T's 11/18/16 formal response **(Exhibit C.3)** to Plaintiff/IDHR's Allegations Inquiry **(see: ¶ 4)** stated that they could neither confirm nor deny Ann Barton **(see: ¶ 7&8)** was stealing money from the Plaintiff. Thus, reinforcing the Plaintiff's civil complaint. In addition, AT&T formally denies allegations in paragraphs 4.2 -3; but yet supported in Plaintiff's Exhibits.

2. It is believed that the unreasonable stance AT&T has taken against the Plaintiff, may if fact be an attempt to conceal the much larger crime of Mail & Wire Fraud and not just Civil Rights Violations in paragraph 4. Allegations of Mail & Wire Fraud were raised in my March 3rd, 2015 request for a Special Prosecutor in 46-page Criminal Motion #09600723501 **(Exhibit K.1 & K.2)** naming AT&T and is before the Honorable Judge Connelly – Bridgeview, Cook County Circuit Courthouse whom considered the allegations raised within, serious and desired a formal response. Moreover, the Plaintiff filed a Mail & Wire Fraud Complaint (C#1801951) with U.S. Postal Inspector on September 6th, 2016 **(Exhibit E)**. The Plaintiff alleges that AT&T Court Order Unit Representative, Ann Barton - conspired with the Plaintiff's former wife, Illinois Cook County Circuit Court Associate Judge, Michele Pitman, together and with others, abusively used the power of their offices to defraud the Plaintiff of his salary **(see: ¶ 7)** and Intellectual Property **(see: ¶ 15)**. The conspirators primary methods to commit fraud was through the use of fictitious Court Orders (COs) and Illinois Wage Deduction Orders (IWOs) **(see: ¶ 8) (see: Exhibits F.1 & F.2 respectively)**. The most recent acts of fraud occurred between May through July of 2016. The **State of Illinois Judicial Inquiry Board** recently concluded their 2-year investigation into the Plaintiff's formal 2015 complaint **(Exhibit G)** of Associate Judge, Michele Pitman and other Judges alleging criminal Conspiracy. The Plaintiff will be asking this Honorable to issue a subpoena of their findings.

3. The Plaintiff, pro se petitioned the Cook County Circuit Courts on May 21st, 2015 for a reduction in Child Support; which is finally granted almost 1-year later by the Hon. Judge Mary Trew via her January 29th 2016 CO **(see: Exhibit J.1)**, citing extreme financial hardship and health concerns. The CO then was submitted to AT&T Court Order Unit. In February 2016, concerning the same matter and at the request of AT&T's Court Order Unit, the Plaintiff again pro se petitioned the Circuit Courts to have the 1/29/16 CO written in the form of an IWO in order to be implemented by AT&T**(see: Exhibit J.2)**. The IWO was granted by Judge Mary Trew on March 25th, 2016 **(see: Exhibit J.3)** reflected on the Plaintiffs April 2016 payroll from $2,500/month to $223.46/month **(see: Exhibit J.4)**.

4. A. Issue/Basis:

   Unequal terms and conditions of employment – June 2016, because of my race, African American / black.

   B. Prima Facie Allegations:

   1. My race is African American

2. **(1)** I began my employment with Defendant, Illinois Bell Company a/k/a AT&T on October 14th, 1996. **(2)** My work performance as a Design Engineer in AT&T's Construction and Engineering Department exceeds AT&T's legitimate expectations **(see ¶ 14)**.

3. **(1)** Since June 2016, I have been subjected to unequal terms and conditions of employment in AT&T's workplace in that: Ann Barton (race unknown), of AT&T's Court Order Unit, is deducting money from my payroll without my knowledge. **(2)** Randy Renschen (non-black), Immediate Supervisor, is giving non-black engineer's credit for projects that I completed **(see: Exhibit C.4)**. **(3)** Randy Renschen told me that I had to complete 8-ASE projects per month, with 90% accuracy, without any overtime **(see: Exhibit C.5)**. My easier cookie-cutter projects were being given to non-black engineers to help them reach their project quota **(see: Exhibit C.6)** and I have recently been accused of using AT&T's Corporate Credit Card for Personal use **(see: Exhibit C.1)**.

4. Similarly situated employees, Jamie Pierce and John Gerwig, both (non-black) Engineers, were not subjected to these same terms and conditions of employment.

5. **In support of 3.1:** In May 2016, the Plaintiff informed his immediate supervisor Randy Renschen that his paycheck was short money owned. missing

6. **(1)** On July 21st, AT&T's Payroll Department informed Randy Renschen and myself, that an unauthorized employee (Ann Barton) having unauthorized access to the company's payroll system, ELINK, was removing my hours worked from the payroll system and that the matter needed to be reported to AT&T Asset Protection if he (Randy Renschen did not authorize the changes. **(2)** Thus, my month pay was reduced to approximately $500.00 per month.

7. Ms. Barton has exclusively handled my court ordered child support payroll wage deductions. It is believed that Ann Barton has been skimming money from my payroll checks for over 7 years. Ms. Barton's illegal activity is reflected in my attached pay stubs **(see: Exhibit H)**. **(1)** On my pay stubs, notice on the upper left, the Gross Income for the pay period is itemized on the upper right-side as Regular and Overtime Hours Worked, as if I am getting paid that total amount. However, immediately beneath those positive totals, one will see those hours and dollars for Regular and Overtime Hours Worked being removed. Therefore, the Gross Income is illegally being reported as Taxable Income; but, I never received the money. **(2)** In addition, Ms. Barton's also has been making illegally payroll deductions as 'Wage Deduction Fee'. **(3)** Despite weeks and months of informing Randy Renschen in-person and via tons of emails **(see: Exhibit C.7)** on the financial hardship this was causing; Mr. Renschen continued to ignore me the matter; which is a major violation of AT&T's Business Code of Conduct Policy **(see: Exhibit C.8)**. Whether or not Randy is involved in Ms. Barton's payroll skimming scheme cannot be determined without investigation and if Ms. Barton has been skimming other employee's
payroll checks is also yet to be determined.

8. On the afternoon of July 24th, **(1)** I personally caught and identified (from her Company User ID) the unauthorized employee to be Ms. Ann Barton – AT&T Court Order Unit. I "screen-printed" her from my computer, in my personal ELINK Account, in the "real-time" act of removing my payroll hours from projects I worked. **(see: Exhibit H.2)** **(2)** Now, finally I had a name; since, it is AT&T's policy that representatives of the Court Order Unit remain anonymous. There appears to be only two people working within this department. **(3)** I then emailed Ms. Ann Barton, requesting that she provide me a copy of the current Illinois Wage Deduction / Court Orders **(IWO)** from Michele Pitman **(see: Exhibit H.3)**. The Circuit Courts in March of 2016 reduced my wage deduction to per month. **(4)** However, Ann Barton was

making monthly wage deductions of approximately $2,300.00 dollars per month after AT&T honored the $223.46 for just the month of April 2016 only. **(5)** Ann Barton refused to provide me a copy of the court order as she has done for the past 7-years now **(see: Exhibit H.4)**, telling me the following: "Your name is in the order so I can't see why you do not have a copy. You need to get your copy from the Courts." **(6)** When I go to the courts to request the order, the clerk has no record of the court order; because, the order never existed in the court's system. Hence, the dilemma has no remedy. **(7)** I called into the AT&T HR Help-Desk and received a callback from the Other AT&T Court Order Rep (OACOR). She initial could not find an order but was able to find it after I advised her to check variations of the **Court's Docket Number: 09 D 5497**. **(8)** Ann Barton used variations of the court's docket number to hide info from others. **(9)** Moreover, the OACOR stated that it is illegal for AT&T not to provide copies of wage deduction court orders to an employee. OACOR also stated that wage deduction order against my payroll. **(10)** OACOR stated that if what I had stated were in fact true, it would be a mega lawsuit. **(11)** I received a copy of the fictitious Court Order and the IWO, 10 minutes later in email via AT&T's secure encrypted network, Voltage. **(12)** The OACOR called back and stated, "It was incumbent upon me to research and prove the orders to be fictitious." "If I believed the Court Orders to be false, I needed to file a complaint of Mail & Wire Fraud as soon as possible." **(13)** I showed Randy Renschen the copies of the fictitious court orders and advised him of what the OACOR stated that I needed to do the research and this possibly being a mega lawsuit. Randy then stated that, "She should not have told me that." **(14)** I advised Randy Renschen, as per the AT&T Court Order Unit (ACOU), I would need to take leave from work to research the matter. Since I was not been paid, (AT&T owed me over $30,000 dollars in back pay for the months of April through July) I also informed him that I might need to use the AT&T Credit Card in order to survive.

9. **(1)** In early August, I visited the Cook County Circuit Courts and presented Judge Trew and her Clerk with the fictitious court orders and advised that neither were in court on the day stamped. **(2)** I formally filed complaints with Federal EEOC, U.S. Department of Labor (DOL). Approximately one month later, the Federal EEOC and DOL requested that I should first file formal complaints with their counterparts at the State level before getting them involved. **(3)** The State of Illinois EEOC Complaint was filed on 9/9/16; whom after reviewing complaint advised that I file a with the State of Illinois Department of Labor (IDOL) Complaint ASAP; which was filed on. **(4)** I formally filed a Mail & Wire Fraud Complaint on 9/6/16 with the U.S. Postal Inspector Fraud Complaint Reference Number, C#1801951. **(5)** With my savings depleted over the past 4 months, I had no money for an attorney; since AT&T has not paid me.

10. **(1)** On the morning of August 22nd, I emailed my director Bobbi Mueller to find out if there had been resolution to my payroll concerns of back pay and that a meeting needed to be scheduled with AT&T Asset Protection concerning my back pay and the Ann Barton mail and wire fraud. **(2)** Bobbi acted for some reason that she was very unaware of my on-going payroll problems and refused to get involved even after receiving my emails. **(3)** Despite weeks and months of informing Randy Renschen, in-person and via email of the financial hardship this was causing; Randy Renschen and Bobbi Mueller continued to ignore the matter. This is a major violation of AT&T's Business Code of Conduct Policy **(see Exhibit C.8)**; which, states "that supervisors must ensure that employees be paid timely and in-full for hours worked." **(4)** I then forwarded copies of my emails to Randy Renschen, Bobbi Mueller, and Ann Barton, including my screen print of Ann Barton to Dean Yeager - Director of AT&T Asset Protection. **(5)** As a result, I used the Company Credit Card in August 2016, accumulating approximately $1,100 in personal expenses. This is a violation of AT&T's Business Code of Conduct Policy **(see Exhibit C.8)**. Randy Renschen, who would not report my $30,000.00 in unpaid wages from May to July of 2016, was quick to report my personal use of the company's credit card to AT&T Asset Protection.

11. On the morning of August 23rd, Randy Renschen and I met with Mara Wasar – Senior Investigator, AT&T Asset Protection. Mara Wasar informed Randy Renschen and I that AT&T CEO, Randall L. Stephenson and the AT&T Board of Directors would be rendering a decision and were aware of the following:

   **(1)** my payroll problems
   (2) allegations of Ann Barton's fraud;
   **(3)** My 2009 AT&T Company email to Mara Wasar warning AT&T Asset Protection of my former wife, Associate Judge, Michele M. Pitman's **Mail & Wire** fraudulent activities **(see: Exhibit K.2)**.
   **(4)** That my illegally confiscate my personal AT&T Email Account contained proprietary and intellectual property for which I am liable.
   **(5)** And, my **March 3rd 2015, 46-page Criminal Motion #09600723501,** naming AT&T, requesting the appointment of a Special Prosecutor and Appellant Defender, before the Honorable Judge Connelly – Bridgeview, Cook County Circuit Courthouse **(see: Exhibit K.1)**.
   **(6)** Judge Connelly advised the court that the allegations made within, were serious and had merit. Judge Connelly recommended that (alleged co-conspirator) former Cook County State's Attorney, Anita Alvarez, prepare a written response.
   **(7)** The circuit court criminal motion naming AT&T in 2015 alleges Michele M. Pitman was conspiring with someone within AT&T's Court Order Unit to process fictitious Illinois Wage Deduction Court Orders **(IWO)**.
   **(8)** The conspirators had been making unreasonable high fraudulent wage deductions against my payroll for the past 7-years with no legal remedy.

12. **(1)** On the afternoon of August 23rd, I formally filed a complaint against Ann Barton at the request of Dean Yeager - Director of AT&T Asset Protection via the Asset Protection In-Take Compliant-line.   **(2)** I spoke with Yolanda of the Asset Protection Intake Desk. **(3)** Yolanda confirmed that it was against 'AT&T Code of Conduct Policy' and illegal for Ann Barton to have access to my ELINK Payroll Account. Moreover, she said AT&T Asset Protection would be investigating Ann Barton and her connection to AT&T Payroll, AT&T Court Order Unit, and the Illinois Cook County Circuit Courts and advised me, while away from work, to hire legal counsel and prepare my evidence and documentation for a sit-down with AT&T Legal within a week discuss remedy.   **(3)** I informed Randy Renschen of Asset Protection's (Yolanda's) recommendation of which Randy Renschen was in agreed.

### 13. AT&T BACKGROUND

I am expert in structural design, layout, and EF&I of communications hubs and data centers; in addition to, communications Outside Plant (OSP) infrastructure build-out and design to and from remotes; including, but not limited to, expert in transport carrier equipment engineering and design of DWDM and CWDM, ROADM, SONET; IP-Cloud Networks of both Cisco and Juniper and typography to the router/switch. My accomplishments at AT&T have been novel and legendary. AT&T Senior Executives, Cathy Coughlin have used my ideas in national marketing campaigns and my yearly accomplishments which generated tens of Millions of dollars in revenue received high accolades and were touted nationally as best practice standards by AT&T Executives to employees three years in a row. Despite this, racial discrimination was never far from my side at AT&T. As an Engineering Manager, I was saddled with the largest workload than any engineer in the country, docked vacation, skipped over for bonuses, raises, and promotions consistently **(see Exhibit D)**

## 14. AT&T ENGINEERING ACCOMPLISHMENTS (some not all):

- **Received AT&T Vice President Recognition 2016** – Designed, engineered, and closed the historical Mononock Building Account, the largest all brick building to survive the Great Chicago Fire for the largest IP-Circuit deal for AT&T in the United States for one central location.

- **Received AT&T Vice President Recognition 2015** - Designed, engineered, and closed the General Growth Properties (GGP) Account, one the largest National IP-Circuit deals for AT&T in the United States.

**Received AT&T Vice President Team Award 2011** - successfully coordinated, designed, and re-engineered the Reavis High School E-911 Service Disaster

- **Project Received AT&T Vice President Team Award 2011** - successfully coordinated, designed, and re-engineered the entire Cicero CEV Flooding Disaster

- **Received AT&T Vice President Team Award 2010** - successfully engineered Chicago Public Schools Ethernet Project

- **Received Ernie Carey, SVP Recognition Letter 2010** - successfully coordinated and engineered Chrysler's Ethernet Services into the Microsoft Data Center

- **Received Ernie Carey, SVP Recognition Letter 2009** - successfully coordinated and engineered various Cricket Communication Cellular Nodes throughout the Chicagoland SMSA

-**2012 NATO Conference in Chicago Received Accommodation -** for the successfully the coordination, engineering, installation, and deployment of transport equipment nodes for all various facilities throughout the Chicagoland SMSA, which included meeting with and coordinating with White House, City of Chicago, and Suburban City Staff Members for the installation, deployment, and turn-up of DWDM ROADM, Ethernet, Wireless, and SONET transport equipment installation within a short window.

## 15. Personal and Entreprenurial Accolades As a Research and Development Scientist
   Prior to, During, and after AT&T (some not all)

**Nano-Technology Deposition Techniques Worked:** Ion Assisted Deposition (IAD), Reactive Ion Plating (RIP), Magnetron Sputtering (MS), Cathodic Arc Deposition (Cath.Arc), Physical Vapor Deposition (PVD), Electro-Chemical Deposition (Electro-Chem), Chemical Vapor Deposition (CVD) including Plasma Activated, Electron Beam Physical Vapor Deposition (EBPVD) including Directional Vapor Deposition (DVD), and Evaporative Deposition technologies

**Chip Prototyping & Fabrication Design:** *TTL, *CMOS *NMOS

**IP:** *TCP/IP *Ethernet *VLAN *Switches *Bridges *Routing Protocols *WAN

**US Patents:** Co-Developed patents and Applications for Nano Technology applications in areas of **Light Transmission & Interference Filters, Surface Modification** and **Power Generation by Fuel Cell**

**Co-Authored :** Research papers Published by the European Union Global Congress    Dedicated to *REACTIVE NANO LAYERS*

**Personal Technologies Published by Other Authors: (***but not limited to***) - Nano Technology New Weapons for New Wars -** *by Dr. Daniel Ratner;*

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1 Stolen all my Marital and Personal Assets; Intellectual Property
2 Suffered pulmonary embolisms and pancreatitis; life long cronic illinesses
3 Homeless for the past 7-years
4 My 2-neices (minor dependents) and I have been evicted 5-times
5 Have not seem my 3-children since they were minors (8-years) for fear of further abuse by my unrestrained abusive ex-wife Michele Pitman and her co-conspirators in the Cook County Justice System.
6 Could give a home to my be-loved father whom died in a nursing home 600 miles away from Chicago. A man who work 3-jobs, put himself through college including myself
7 I was not even told of father's funeral
8 They have made me a vagabond

I cannot write anymore…..in tears! What these conspirators have underestimated, when one has taken all from a righteous man, all that is left, is that man and his will to right the injustices heaped upon him. I am my Father's son; for these injustices, by these and other Conspirators, have earned them a fight …… To my last breath!!!

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**Subpoena for Discovery:**
1) The **State of Illinois Judicial Inquiry Board** recently concluded their 2-year investigation into the Plaintiff's formal 2015 complaint **(Exhibit G)** of Associate Judge, Michele Pitman and other Judges alleging criminal Conspiracy.
2) AT&T to furnish complete employee personnel file of Plaintiff from 2001 to present;
3) AT&T to furnish complete call records and notes to the Human Resources Desk Call-Ins and Call-Backs (by-whom) pertaining to Plaintiff and ex-wife from 2009 to present
4) AT&T to furnish complete call records and notes to the Court Order Unit Desk Call-Ins and Call-Backs (by-whom) pertaining to Plaintiff and ex-wife from 2009 to present
5) AT&T to furnish complete call records and notes to Payroll Department inquiries, Call-Ins and Call-Backs (by-whom) pertaining to Plaintiff and ex-wife from 2009 to present
6) AT&T to furnish complete detail of 'Wage Deduction Fees' accessed Plaintiff's payroll from 2009 to the present
7) AT&T to furnish complete detail of 'Wage Deductions' accessed Plaintiff's payroll from 2009 to the present
8) AT&T to furnish complete detail of 'Court Orders' accessed Plaintiff's payroll from 2009 to the present

**Motion and Lien Requests:**
Mechanic's Lien of AT&T Property at 208 S. Akard St. Dallas TX 75202
Lien to freeze personal assets of Defendants
Motion to Request Defendants to furnish personal Financial Discovery
Immediate Reinstatement of Illinois Unemployment Benefits to Plaintiff
Immediate financial injection of 4500,000 for home to fight this battle on equal-level playing field

1. Actual Damages: $510 Million
    A. Stolen Intellectual Property and resulting Personal Contractual Liability
    B. Stolen martial Assets
    C. Salary & Pension
    D. Defamation of Character Libel & Slander

2. Punitive Damages: $65 Million
   Financial Hardship
   Mental & Physical Anguish and Hardship ;


**Total Actual and Punitive: $575 Million Dollars**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/28/17

Signature of Plaintiff

Printed Name of Plaintiff: Frank L. Simmons

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City        State        Zip Code

Telephone Number
E-mail Address